UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER HARDY,

        **Plaintiff,**        CIVIL ACTION NO. 11-CV-13072

vs.

                              DISTRICT JUDGE GERALD E. ROSEN

DEBRA L. SCUTT,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendants Debra Scutt, Joyce Potter, Laura Kinder, and Rebecca Nevai-Cook (docket no. 22) be **GRANTED**.

**II.**    **REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Scutt, Potter, Kinder, and Nevai-Cook. (Docket no. 22). Plaintiff filed a response. (Docket no. 25). All pretrial matters have been referred to the undersigned for action. (Docket no. 16). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

This is a *pro se* civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan; however the events giving rise to this action occurred while he was incarcerated at the G. Robert

1

Cotton Correctional Facility ("JCF") in Jackson, Michigan. Plaintiff claims that Defendants were deliberately indifferent to his need for cataract surgery in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Defendants relative to the instant motion are JCF Warden Debra Scutt, JCF Licensed Practical Nurse Joyce Potter, and Laura Kinder, a Clerical Administrative Assistant for the Southern Region Healthcare located at the Duane L. Waters Hospital. Also joining in this motion is Rebecca Nevai-Cook, a Specialist with the Michigan Department of Technology, Management and Budget ("DTMB"). Plaintiff sues the Defendants in their individual and official capacities for compensatory and punitive damages. He also seeks an order directing Defendants to immediately provide him with cataract surgery for both eyes or, in the alternative, an order releasing him from prison so he may secure his own treatment to correct his visual impairments.

**B.     Standard**

Defendants move for entry of summary judgment pursuant to Fed.R.Civ.P. 56(a). Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* In determining whether there are issues of fact for trial, the inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A mere scintilla of evidence is insufficient to defeat a properly supported motion for

2

summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.   Analysis**

Defendants first argue that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo* 548 U.S. 81, 90-91 (2006).

Defendants submitted a copy of the relevant MDOC grievance procedure with their motion and an affidavit of Richard Russell, Manager of the Grievance Section of the Michigan Department of Corrections ("MDOC"). MDOC Policy Directive 03.02.130(R) requires that the information contained in a prisoner grievance must be limited to the facts involved in the issue being grieved and must include the dates, times, places, and names of those involved in the issue. (Docket no. 22, ex. A).

The affidavit of Richard Russell states that Russell conducted a search of the MDOC prisoner grievance database and found two identical grievances filed to step III by Plaintiff since 2009: JCF-11-02-0368-12g1, with a "Today's Date" of February 24, 2011, and JCF-02-0368-12g1, with a "Today's Date" of March 14, 2011. (Docket no. 22, exs. B- D). Plaintiff does not contend

that he submitted any other grievances by which he may have exhausted his administrative remedies against Defendants Scutt, Potter, Kinder, or Cook.

Grievance No. JCF-2011-02-0368-12G1, dated February 24, 2011, complains that Plaintiff was told that an Ophthalmologist wanted to schedule him for surgery to correct his severe cataracts but that PHS denied the surgery. (Docket no. 22, ex. D). The grievance further states that Plaintiff has waited patiently for an appointment with his primary care physician, Dr. Miles, but no appointment has been scheduled. An investigation of the grievance determined that Plaintiff did not meet PHS's criteria for cataract surgery, but that his condition would continue to be monitored. Grievance No. JCF-2011-0368-12G1, dated March 14, 2011, grieves the identical issue and indicates in Plaintiff's step II appeal that PHS denied Plaintiff's cataract surgery for economic reasons. (Docket no. 22, ex. D).

Plaintiff did not name Defendants Scutt, Potter, Kinder, or Nevai-Cook in his grievances. Moreover, Defendants maintain that none of these four Defendants are PHS employees. Accordingly, Plaintiff by not naming Defendants Scutt, Potter, Kinder, or Nevai-Cook in any grievance has failed to exhaust the grievance process with regard to them. This Court therefore recommends that Defendants Scutt, Potter, Kinder, and Nevai-Cook be dismissed. Based on the foregoing recommendation, the undersigned declines to address the remainder of the arguments raised in Defendants' Motion for Summary Judgment.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 7, 2012  s/ Mona K. Majzoub
 MONA K. MAJZOUB
 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Chester Hardy and Counsel of record on this date.

Dated: May 7, 2012  s/ Lisa C. Bartlett
 Case Manager