**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CHESTER HARDY,**

       **Plaintiff,**          **CIVIL ACTION NO. 11-CV-13072**

  **vs.**                               **DISTRICT JUDGE GERALD E. ROSEN**

**DEBRA L. SCUTT, et al.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**
_____/

### ORDER DIRECTING PLAINTIFF TO SERVE SUMMONS AND COMPLAINT ON UNSERVED DEFENDANTS

Plaintiff filed the instant *pro se* civil rights action on July 15, 2011 pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his need for cataract surgery in violation of the Eighth Amendment to the United States Constitution. (Docket no. 1). Plaintiff paid the filing fee and is not proceeding *in forma pauperis*. Consequently, Plaintiff is responsible for serving the summons and a copy of the complaint upon each Defendant.

On August 18, 2011 Plaintiff docketed notices showing that he served a summons and a copy of the complaint on Defendants Dr. Adam Edelman, Karen Ibarra, Connie Ives, and M. Creger at the G. Robert Cotton Correctional Facility using "MDOC Expedited Legal Mail Forms." (Docket nos. 6, 9, 10, 11). Plaintiff also docketed a notice showing that on August 17, 2011 Plaintiff mailed to the corporate offices of Corizon/Prison Health Services Inc. in Brentwood, Tennessee, using "MDOC Expedited Legal Mail Forms," a summons and a copy of the complaint to Defendant Larry Pomeroy, the Senior Vice President of State Corrections, Corizon Health, Inc. (Docket no. 7). On August 26, 2011 counsel for Corizon Health, Inc. sent written correspondence to Plaintiff informing

1

him that they would not accept service on behalf of Defendant Pomeroy because service by regular mail was improper.  (Docket no. 21).  Counsel for Corizon Health, Inc. further stated that Defendant Edelman and Defendant Ibarra had not received a copy of the complaint and summons and counsel would not accept service on their behalf.  (Docket no. 21).

On May 3, 2012, in connection with a motion to quash service filed by Defendant Pomeroy, this Court entered an Order extending the time for serving the complaint on Defendants Pomeroy, Edelman, and Ibarra.  (Docket no. 29).  The Order notes that Plaintiff failed to effectuate proper service of process on Defendants Pomeroy, Edelman, and Ibarra under Federal Rule of Civil Procedure 4(m), and directs Plaintiff to serve these Defendants by June 20, 2012 in accordance with Federal Rule of Civil Procedure 4(e).  The Order specifies that proper service under Rule 4(e) will require Plaintiff to complete a summons for each Defendant and present the summons to the Court Clerk for signature and seal.  Fed. R. Civ. P. 4(b).  When Plaintiff is in receipt of the signed summons, if he elects to mail the summons and a copy of the complaint to Defendants Pomeroy, Edelman, and Ibarra, he must do so by registered or certified mail, return receipt requested, with delivery restricted to the addressee, and he must attach copies of the return receipts signed by the Defendants to the return of service filed with the Court.  On May 3, 2012 the Court mailed to Plaintiff a copy of its Order along with blank summonses so Plaintiff could effectuate service.

A review of the docket reveals that Defendants Pomeroy, Edelman, and Ibarra have still not been served with process.  In fact, Plaintiff has not demonstrated that he has taken any additional steps to serve these Defendants with a copy of the complaint.  Further review of the docket shows that Defendants Creger, Ives, and Prison Health Services, now known as Corizon Health, Inc., have also not yet filed executed waivers of service or notices of appearance in this case.

The time for service of the summons and complaint is established under Federal Rule of Civil Procedure 4(m) which provides that service must be made within 120 days after the filing of the complaint. "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(e) governs service of process on individual defendants in federal court and provides that service is made by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under Michigan law, service of process on an individual may be accomplished by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A). Federal Rule of Civil Procedure 4(h) governs service on a corporation.

As stated in this Court's previous Order, Plaintiff states that he served a copy of the

complaint and summons on Defendants Pomeroy, Edelman, and Ibarra using MDOC Expedited Legal Mail Forms. However, as previously discussed by the Court, Plaintiff has not shown that he attempted service by registered or certified mail, return receipt requested, with delivery restricted to the addressee. Furthermore, Plaintiff did not attach to each return of service a copy of the return receipt signed by the Defendant. Therefore, Plaintiff has not demonstrated that he effectuated proper service of process on Defendants.

The Court will permit Plaintiff one final extension of the time for serving his complaint. Plaintiff is directed to serve a summons and copies of the complaint on Defendants Edelman, Ibarra, Creger, Ives, and Pomeroy in accordance with Federal Rule of Civil Procedure 4(e). Plaintiff is further directed to serve a summons and copy of the complaint on Defendant Prison Health Services, now known as Corizon Health, Inc., in accordance with Federal Rule of Civil Procedure 4(h). Service must be effectuated by October 31, 2012, with proof of service filed with the Court by November 9, 2012. Since Plaintiff is not proceeding *in forma pauperis*, it is Plaintiff's responsibility to either mail the summons and a copy of the complaint to Defendants by registered or certified mail, return receipt requested, as discussed in this Order and in Rule 4, or appoint an appropriate person to serve a copy of his complaint and the summons on each Defendant. Fed. R. Civ. P. 4(c)(1). The appointed person is usually a commercial process server who will effectuate service for a fee. The Court encourages Plaintiff to hire a process server, or an attorney, if he requires assistance serving his complaint.

**IT IS THEREFORE ORDERED** that on or before October 31, 2012, Plaintiff must serve a summons and copy of the complaint on Defendants Edelman, Ibarra, Creger, Ives, Pomeroy, and Prison Health Services, now known as Corizon Health, Inc., in accordance with Federal Rule of

Civil Procedure 4, with proof of service filed with the Court by November 9, 2012. **Failure to comply with this Order may result in dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 4(m) or 41(b).**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 17, 2012      s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this order was served upon Chester Hardy and Counsel of Record on this date.

Dated: September 17, 2012      s/ Lisa C. Bartlett
                                Case Manager