UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER HARDY,

        Plaintiff,        CIVIL ACTION NO. 11-CV-13072

VS.        DISTRICT JUDGE GERALD E. ROSEN

DEBRA SCUTT, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOCKET NO. 45)

This matter comes before the Court on Plaintiff's motion for reconsideration. (Docket no. 45). Defendants Karen Ibarra and Corizon Health, Inc. filed a response. (Docket no. 46). All pretrial matters have been referred to the undersigned for decision. (Docket no. 16). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This motion is now ready for ruling.

Plaintiff seeks reconsideration of this Court's January 15, 2013 order denying his motion to appoint counsel. (Docket no. 44). Pursuant to this Court's local rules, a motion for reconsideration that "merely present[s] the same issues ruled upon by the court" will generally not be granted. E.D. Mich. LR 7.1(h)(3). The court rule goes on to state that this provision in no way restricts the Court's discretion to grant a motion for reconsideration. Before the Court enters an order granting a motion for reconsideration it should consider whether the moving party has shown "a palpable defect by which the court and the parties . . . have been misled" and whether "correcting the defect will result in a different disposition of the case." *Id.*

1

Here, the Court denied Plaintiff's motion to appoint counsel on January 15, 2012, several months after counsel filed an appearance on behalf of Defendants Ibarra and Corizon Health, Inc. (Docket nos. 42, 44). Hence, at the time the Court entered the order denying Plaintiff's motion it looked as if the case we've positioned to move forward. Since that time defense counsel has informed the Court that Defendants Ibarra and Corizon were served by the U.S. Marshal Service despite the fact that Plaintiff has not filed the necessary documents to proceed *in forma pauperis*. Defense counsel also claims that Defendants Pomeroy, Neval, and Edelman have not been properly served even though Defendant Neval was dismissed from this case in August 2012. (Docket nos. 34, 49).

Plaintiff is proceeding *pro se* on his claims that Defendants were deliberately indifferent to his medical need for cataract surgery in violation of the Eighth Amendment. His motion for reconsideration and recent filings state that he is unable to manage the litigation of this case without assistance from appointed counsel. He states that his inability to manage the litigation of this case is largely attributable to his vision impairments, which he claims Defendants caused.

The Court has spent a considerable amount of time addressing service of process issues in this case. To date, several Defendants have not yet been served and there is confusion on the part of both Plaintiff and defense counsel as to who has and has not been properly served with process. It is impossible for the Court to know at this stage whether there is any merit to Plaintiff's claims against the unserved Defendants. Consequently, the Court is unwilling at this time to recommend dismissal as to the unserved Defendants, particularly where it appears that Plaintiff has taken some steps to serve Defendants. Notably, while it appears from Plaintiff's trust fund account statement that Plaintiff would qualify for *in forma pauperis* status, the Court cannot order service by the U.S.

Marshal of the remaining unserved Defendants because Plaintiff has been either unwilling or unable to submit the required documents in order to so proceed. (Docket nos. 2, 4).

The Court has informed Plaintiff in previous orders that he does not have a constitutional right to appointment of counsel. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Nevertheless, given the ongoing difficulties Plaintiff and this Court have encountered in simply ensuring that Defendants are served in this case, and because Plaintiff attributes these difficulties on the very disability he claims Defendants have caused, the Court is inclined to agree with Plaintiff that he has shown that he will likely have difficulty representing himself in this matter and could benefit from appointment of counsel. In light of the above, the Court will grant Plaintiff's motion for reconsideration and will refer this matter to the Court's pro bono program for appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration is **GRANTED**. This case will be referred to the Court's *pro bono* program in an effort to find counsel willing to undertake Plaintiff's representation in this case. If reasonable efforts to assign *pro bono* counsel are unsuccessful, Plaintiff may proceed *pro se*.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 20, 2013        s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Chester Hardy and Counsel of Record on this date.

Dated: May 20, 2013              s/ Lisa C. Bartlett
                                 Case Manager