UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER HARDY,

       Plaintiff,            CIVIL ACTION NO. 11-cv-13072

      v.                         DISTRICT JUDGE GERALD E. ROSEN

DEBRA L. SCUTT, et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

The undersigned recommends that Defendants Edelman, Creger, Ives, and Pomeroy be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**II.   REPORT**

Plaintiff Chester Hardy filed the instant *pro se* civil rights action with the Court on July 15, 2011, alleging various constitutional violations under 42 U.S.C. § 1983. (Docket no. 1.) Plaintiff is not proceeding *in forma pauperis* and is, therefore, responsible for serving a summons and a copy of the complaint upon each Defendant. On August 18, 2011, the Court received from Plaintiff nine Summons and Complaint Return of Service forms stating that each of the defendants would be served on or after August 17, 2011 via "MDOC Expedited Legal Mail Forms." (Docket nos. 5-13.) On August 26, 2011, counsel for Corizon Health, Inc. sent a letter to Plaintiff informing him that they would not accept service of the complaint sent to Defendant Pomeroy because it was improperly sent via regular U.S. Mail. (Docket no. 21 at 2.) Corizon Health's counsel also stated that neither Defendant Edelman nor Defendant Ibarra had received the summons and a copy of the

complaint and that counsel would not accept service on their behalf. (*Id*.)

On May 3, 2012, in connection with a Motion to Quash Service filed by Defendant Pomeroy (Docket no. 20) and Plaintiff's subsequent Motion to Amend Service (Docket no. 21), the Court entered an Order extending the time for service on Defendants Pomeroy, Edelman, and Ibarra to on or before June 20, 2012. (Docket no. 29 at 4-5.) In the Order, the Court provided a brief explanation on how to effect proper service. (*Id*.) As of September 17, 2012, Plaintiff had not provided evidence of effective service on Defendants Pomeroy, Edelman, or Ibarra. As a result, the Court entered an Order Directing Plaintiff to Serve Summons and Complaint on Unserved Defendants. (Docket no. 37.) This Order required Plaintiff to serve Defendants Edelman, Ibarra, Creger, Ives, and Pomeroy, as well as Defendant Prison Health Services, Inc., now known as Corizon Health, Inc., by October 31, 2012. (*Id*. at 4-5.) The Order also clearly advised Plaintiff that "[f]ailure to comply with this Order may result in dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 4(m) or 41(b). (*Id*. at 5.) Then, on September 26, 2012, for reasons unbeknownst to the Court as Plaintiff is not proceeding *in forma pauperis*, the U.S. Marshal Service served Defendants Ibarra and Prison Health Services, Inc./Corizon Health, Inc. with a summons and a copy of the complaint. Plaintiff filed proof of service with the Court with regard to these two Defendants on October 4, 2012. (Docket no. 38.)

Nevertheless, as of March 29, 2013, Defendants Edelman, Creger, Ives, and Pomeroy had not yet been served. On that date, the Court ordered Plaintiff "to show cause why his complaint should not be dismissed for failure to comply with Fed. R. Civ. P. 4(m)." (Docket no. 47 at 2.) Plaintiff responded to the Order to Show Cause on April 8, 2013 by filing copies of three unserved summonses for Defendants Pomeroy, Neval, and Edelman, all dated June 12, 2012; signed return

-2-

receipts from Defendants Corizon Health, Inc. and Ibarra dated August 29, 2012; and executed "Expedited Legal Mail - Prisoner" forms with regard to Defendants Edelman and Creger dated August 16, 2011. (Docket no. 48.) On April 19, 2013, Defendants Ibarra and Corizon Health, Inc. responded to Plaintiff's April 8, 2013 document filing and requested the dismissal of all unserved Defendants due to Plaintiff's failure to effectuate proper service. (Docket no. 49 at 3.) Plaintiff replied to Defendant Ibarra and Corizon Health, Inc. on May 6, 2013, attributing his ongoing difficulties in serving Defendants to his limited eyesight, and reiterating his need for an attorney. (Docket no. 50.) At this time, Plaintiff's Motion for Reconsideration (Docket no. 45) regarding the Court's Order on Motion to Appoint Counsel (Docket no. 44) was pending before the Court. The Court granted Plaintiff's Motion for Reconsideration on May 20, 2013 and referred Plaintiff's case to the Court's *pro bono* program in an effort to find counsel willing to represent Plaintiff. (Docket no. 51.) The Court has been unable to secure *pro bono* counsel for Plaintiff in the nearly eleven months since the referral of Plaintiff's case to the Court's *pro bono* program. In these eleven months, Plaintiff has made no further efforts to properly serve Defendants Edelman, Creger, Ives, and Pomeroy.

     The time for service of the summons and complaint is established under Federal Rule of Civil Procedure 4(m), which provides that service must be made within 120 days after the filing of the complaint. "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). Service has not been effected on Defendants Edelman, Creger, Ives, and Pomeroy within the time allotted under Rule 4(m). Plaintiff has not shown good cause to further extend the time for service.

Accordingly, Defendants Edelman, Creger, Ives, and Pomeroy should be dismissed from this action without prejudice for failure to comply with Federal Rule of Civil Procedure 4(m).

## **REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 16, 2014        s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon Chester Hardy and Counsel of Record on this date.

Dated: April 16, 2014     s/ Lisa C. Bartlett
               Case Manager