UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHESTER HARDY,**

        **Plaintiff,**        CIVIL ACTION NO. 11-cv-13072

        v.        DISTRICT JUDGE GERALD E. ROSEN

**DEBRA L. SCUTT, et al.,**        MAGISTRATE JUDGE MONA K. MAJZOUB

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Chester Hardy, currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed this *pro se* civil rights action on July 15, 2011, pursuant to 42 U.S.C. § 1983 against ten defendants. (Docket no. 1.) Before the Court is Defendants Karen Ibarra, R.N., and Corizon Health, Inc.'s Motion for Summary Judgment. (Docket no. 65.) Plaintiff filed a Response to Defendants' Motion (docket no. 69), and Defendants replied to Plaintiff's Response (docket no. 70). Also before the Court are Plaintiff's Request for Examination by Independent Eye-Care Expert[1] (docket no. 58) and Plaintiff's Motion to Compel Discovery (docket no. 63). Defendants responded to both motions. (Docket nos. 60 and 64.) This action has been referred to the undersigned for all pretrial purposes. (Docket no. 16.) The undersigned dispenses with oral argument on the motions pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] The undersigned will construe Plaintiff's request as a motion rather than dismiss it on procedural grounds pursuant to Federal Rule of Civil Procedure 7(b)(1).

**I.      RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Defendants Ibarra and Corizon Health Inc.'s Motion for Summary Judgment (docket no. 65) be **GRANTED** and that Plaintiff's Motion for Examination by Independent Eye-Care Expert (docket no. 58) and Plaintiff's Motion to Compel Discovery (docket no. 63) be **DENIED** as moot. The undersigned further recommends that this matter be dismissed in its entirety.

**II.     REPORT**

   **A.     Background**

The events giving rise to this action occurred while Plaintiff was incarcerated at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan. Plaintiff claims that Defendants were deliberately indifferent to his need for cataract surgery in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff sues the Defendants in their individual and official capacities for compensatory and punitive damages. He also seeks an order directing Defendants to immediately provide him with cataract surgery for both eyes or, in the alternative, an order releasing him from prison so he may secure his own treatment to correct his visual impairments. (*See* docket no. 1.)

On August 17, 2012, the Court granted the Motion for Summary Judgment filed by Defendants Scutt, Potter, Kinder, and Nevai-Cook, and dismissed Plaintiff's Complaint against them, with prejudice, for Plaintiff's failure to exhaust his administrative remedies. (Docket no. 34; *see* docket no. 30.) The Court also dismissed Plaintiff's Complaint against Defendants Edelman, Creger, Ives, and Pomeroy on July 7, 2014 for failure to prosecute after giving Plaintiff several extensions to effectuate proper service upon them. (Docket no. 62; *see* docket no. 54.) All that

remain are Plaintiff's claims against Defendants Karen Ibarra, R.N., and Corizon Health, Inc. Plaintiff has since filed a Motion for Examination by Independent Eye-Care Expert (docket no. 58) and a Motion to Compel Discovery (docket no. 63), to which Defendants Ibarra and Corizon Health Inc. responded (docket nos. 60 and 64). Defendants Ibarra and Corizon Health Inc. have filed a Motion for Summary Judgment. (Docket no. 65.) Plaintiff responded to Defendants' Motion (docket no. 69), and Defendants replied to Plaintiff's Response (docket no. 70). These three matters are currently pending before the Court.

**B.    Governing Law**

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come

forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.    Analysis**

To establish a cognizable claim for a violation of the Eighth Amendment under a theory of deliberate indifference to a serious medical need, an inmate must show that he suffered from a serious medical need and the official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cnty.,* 390 F.3d 890, 897 (6th Cir. 2004) (emphasis and citations omitted). An official acts with deliberate indifference when he consciously disregards an excessive or substantial risk to inmate health or safety. *Farmer*, 511 U.S. at 837. To prevail under § 1983, a plaintiff must show that each defendant was personally involved in, or otherwise authorized, the alleged unconstitutional conduct. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. *Hill v. Haviland*, 68 Fed. Appx 603, 604 (6th

Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Thus, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

        1.     *Defendant Karen Ibarra, R.N.*

In his Complaint, Plaintiff alleges that Defendant Ibarra "is responsible for exacerbating this medical neglect against [him] by failing to report Defendant Dr. Edelman to the appropriate authorities, which contributes to the change in form of execution of the sentence imposed upon [him]." (Docket no. 1 ¶ 4.)

Defendant Ibarra contends that Plaintiff failed to allege sufficient factual allegations in his Complaint evidencing any personal involvement on the part of Defendant Ibarra. (Docket no. 65 at 19.) In a declaration filed by Defendant Ibarra as an exhibit to the Motion for Summary Judgment, Defendant Ibarra informs that she is a registered nurse and was employed by Defendant Corizon Health, Inc. from March 23, 2009, to March 13, 2014, as an Outpatient Case Manager in the Corizon Michigan Regional Office located in Lansing, Michigan. (Docket no. 65-4 ¶ 2.) Defendant Ibarra explains that her duties as an Outpatient Case Manager included screening requests for outpatient consultations. (*Id.* ¶ 4.) She further explains that upon receiving a consultation request at the Corizon Regional Office from medical providers at MDOC facilities, it was her responsibility to review the request, determine if additional information or documentation was required, and refer the request to the Medical Director for Utilization Management ("MDUM") for review of the request and a response or recommendation. (*Id.*) According to Defendant Ibarra, once a response was received from the MDUM, she was merely responsible for transcribing the response.

(*Id.*) Defendant Ibarra admits that on December 20, 2010, she transcribed the response from Dr. Adam Edelman, MDUM, to an ophthalmology consultation request submitted on behalf of Plaintiff. (*Id.* ¶¶ 6-7; *see* docket no. 67-1 at 40-42.) Dr. Edelman's response as transcribed by Defendant Ibarra states: "ATP [Alternative Treatment Plan], Pt does not meet MDOC criteria for cataract tx per Dr. Edelman/Karen Ibarra RN." (*Id.* ¶ 7; docket no. 67-1 at 42.)

Defendant Ibarra attests that she had no authority to make decisions regarding an inmate's medical care and did not have control over the MDUM's responses to consultation requests. (*Id.* ¶ 5.) She further asserts that she had no involvement in Plaintiff's medical care and has never denied any medical recommendation for diagnosis or treatment of Plaintiff. (*Id.* ¶ 9.) Finally, Defendant Ibarra insists that she had no reason, as alleged in Plaintiff's Complaint, to "report Defendant Dr. Edelman to the appropriate authorities" because she had never observed any departure by Dr. Edelman from the standard of care with regard to Plaintiff. (*Id.* ¶ 11.)

At a minimum, a plaintiff must allege "'that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). Thus, to state a plausible claim for relief, a plaintiff must allege that each defendant was personally involved in, or otherwise condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Id.* Plaintiff alleges that Defendant Ibarra "fail[ed] to report Defendant Dr. Edelman to the appropriate authorities;" however, Defendant Ibarra was not in a supervisory position over Dr. Edelman such that she would have the authority to acquiesce in or reverse his medical decision, let alone report such a decision to "the appropriate authorities." According to Defendant Ibarra, she merely transcribed Dr. Edelman's response to Plaintiff's ophthalmology

consultation request; she suggests that the only reason that she was named in this lawsuit is because her signature appears on that response as a transcriber. (Docket no. 65 at 19.) Notably, Plaintiff does not dispute Defendant Ibarra's declarations or respond to her arguments in favor of summary judgment. Furthermore, Plaintiff does not allege that Defendant Ibarra was responsible for authorizing or approving his medical treatment. Therefore, the undersigned recommends that summary judgment be granted in favor of Defendant Ibarra.

       2.      *Defendant Corizon Health, Inc.*

Plaintiff purportedly alleges in his Complaint that Defendant Corizon Health Inc. is subjecting him to cruel and unusual punishment by depriving him of "adequate visual acuity" for the "sole purpose" of protecting its profit margin. (Docket no. 1 ¶ 12.) To establish § 1983 liability against a corporation, whether public or private, a plaintiff must show that the defendant implemented a policy, custom, or practice that caused a deprivation of the Plaintiff's Eighth Amendment rights. *Starcher v. Corr. Med. Sys., Inc.*, 7 Fed.Appx. 459, 465 (6th Cir. 2001) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996)); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir.1993) (a plaintiff must identify the policy, connect the policy to the defendant, and show that the particular injury was caused because of the execution of that policy). Thus, to support his claim, Plaintiff must show that his Eighth Amendment rights were violated and that the violation was caused by Defendant's policy, custom, or practice. *See Hullett v. Smiedendorf*, 52 F.Supp.2d 817, 828 (W.D. Mich. 1999).

Defendant Corizon asserts that Plaintiff has failed to identify any policy, practice, or procedure implemented by Corizon that has violated Plaintiff's constitutional rights. (Docket no. 65 at 24.) Defendant Corizon further asserts that "Plaintiff's unsupported claim that his

constitutional rights were violated due to financial reasons amounts to a bare assertion of legal conclusion that fails to establish the existence of a specific policy beyond mere speculation. (*Id.* at 26.) In response, Plaintiff contends that according to the "Medicaid criteria for cataract treatment," attached to his response as "Exhibit A," "the universal standard of care for cataract treatment is 20/40." (Docket no. 69 at 22-23; *see* pp. 5-13.) Plaintiff, citing to his own medical records, also contends that under Corizon's criteria, visual acuity measured at 20/50+3 is considered "borderline eligible" for cataract surgery and that the actual bright-line mark is 20/40-2. (*Id.* at 2, *see* pp. 14-17.) Plaintiff alleges that the MDOC standard of care for cataract treatment is "considerably higher" than the universal standard of care and that this heightened criteria for prisoners compared to the general public demonstrates a policy of deliberate indifference. (*Id.* at 23, 24.) Defendants reply that Plaintiff has relied on unverified standards and a layman's interpretation of medical criteria to support his position, and he has still failed to identify any competent evidence that Defendant Corizon had a custom, policy, or procedure of denying cataract surgery to prisoners to protect its profit margin. (Docket no. 70 at 3-5.) The undersigned agrees with Defendants.

     First, the document from which Plaintiff derives the "universal standard of care" is not the "Medicaid criteria for cataract treatment" as Plaintiff suggests; actually, it is an excerpt of the "Guidelines for Cataract Practice" as set forth by the American College of Eye Surgeons. It is not clear how Plaintiff arrived at the mistaken conclusion that these guidelines represent the universal standard of care for cataract treatment, as the guidelines do not suggest such a notion, and Plaintiff does not cite to any authority that designates the guidelines as such. Next, Plaintiff derives the "MDOC standard of care" for cataract treatment from his own medical records in which his treating optometrist noted that he was "borderline eligible," presumably, for cataract surgery. A prisoner's

medical records, standing alone, are not sufficient evidence of a standard custom, policy, or procedure invoked by Defendant Corizon for the treatment of cataracts. Plaintiff has failed to demonstrate that Defendant Corizon Health, Inc. implemented a policy, custom, or practice regarding the treatment of cataracts that caused a deprivation of Plaintiff's Eighth Amendment rights for the sole purpose of protecting its profit margin. Therefore, Defendants' Motion for Summary Judgment should be granted with regard to Defendant Corizon Health, Inc.

Lastly, after a thorough review of Plaintiff's Motion for Examination by Independent Eye-Care Expert, Plaintiff's Motion to Compel Discovery, and Defendants' responses to these motions, the undersigned finds that even if the Court were to rule in Plaintiff's favor on the motions, summary judgment for Defendants Ibarra and Corizon Health, Inc. would still be appropriate. Accordingly, the undersigned recommends that Plaintiff's Motion for Examination by Independent Eye-Care Expert (docket no. 58) and Motion to Compel Discovery (docket no. 63) be denied as moot.

### D. Conclusion

For the above-stated reasons, the undersigned recommends that the Court **GRANT** Defendants Ibarra and Corizon Health, Inc.'s Motion for Summary Judgment (docket no. 65), **DENY** as moot Plaintiff's Motion for Examination by Independent Eye-Care Expert (docket no. 58) and Plaintiff's Motion to Compel (docket no. 63), and dismiss this matter in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149

(1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 5, 2015          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Chester Hardy and Counsel of Record on this date.

Dated: February 5, 2015           s/ Lisa C. Bartlett
                                  Case Manager